**FILED**

**AUG 2 9 2008**

Clerk, U.S. District and
Bankruptcy Courts

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GENE E. SMITH, SR.,                          :

         Plaintiff,                :
                                             :
   v.                                        :       Civil Action No.  **08 1526**
                                             :
WILLIAM K. SUTER, *et al.*,                  :
                                             :
        Defendants.               :

### MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint.  The Court will grant the application, and will dismiss this action with prejudice.

Plaintiff brings this civil action against defendant William K. Suter, Clerk of the Supreme Court of the United States, and three Deputy Clerks.  He alleges that the defendants have violated his constitutional rights by preventing the Supreme Court from hearing his case.  Specifically, plaintiff alleges that the defendants did not allow him to file an application to proceed *in forma pauperis* and returned other documents to him instead of filing them.  These claims are substantially similar to those raised against these same defendants and rejected by this Court in a prior civil action.  *See Smith v. Supreme Court of the United States*, No. 08-0737 (UNA) (D.D.C. Apr. 29, 2009) (dismissing case with prejudice), *appeal docketed*, No. 08-5171 (D.C. Cir. May 30, 2008).

Generally, a plaintiff is expected to "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence."  *U.S. Indus., Inc. v. Blake Const.*

1



*Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (citation omitted).  Under the doctrine of *res judicata*, a prior judgment on the merits of a plaintiff's claim bars the relitigation of the claim and any other claims that could have been submitted to the Court.  *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (*res judicata* bars not only those issues that were previously litigated, but also those that could have been but were not raised); *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"); *Flynn v. 3900 Watson Place, Inc.*, 63 F. Supp. 2d 18, 22 (D.D.C. 1999) (quoting *Shin v. Portals Confederation Corp.*, 728 A.2d 615, 618 (D.C. 1999)); *see Gullo v. Veterans Coop. Hous. Ass'n*, 269 F.2d 517 (D.C. Cir. 1959) (per curiam) (affirming dismissal on ground of *res judicata* where district court took judicial notice of previous case).

Here, review of this Court's docket shows that plaintiff either has raised or has had an opportunity to raise the claims set forth in the instant complaint.  The Court therefore concludes that plaintiff's claims are barred under the doctrine of *res judicata*.  Accordingly, the Court will dismiss this action with prejudice.  An Order consistent with this Memorandum is issued separately on this same date.

United States District Judge

Date: 18 Aug 2008

2